■ KENNETH H. LOUGHRY, Appellant-Respondent, v LINCOLN FIRST BANK, N. A., et al., Respondents-Appellants. — Order and judgment modified, on the law and facts, and, as modified, affirmed, with costs to plaintiff, in accordance with memorandum. All concur, Boomer, J., not participating. Memorandum: Plaintiff commenced this slander action after his employment was terminated by defendant bank following a meeting in which defendants Lee and Dovidio, a bank officer and employee respectively, accused him of misappropriating bank property and dealing in illicit drugs. The jury awarded plaintiff $55,000 in

compensatory damages and $133,000 in punitive damages. Plaintiff appeals from that portion of a posttrial order which struck the punitive damages award against the bank; reduced the punitive damage award against Lee and Dovidio; and reduced the damages attributed to lost earnings. Defendant's cross-appeal from that portion of the order denying their motion to set aside the special findings and verdict. The court properly rejected defendants' claim to a qualified privilege. In this record there is evidence from which the jury could have found that the false and defamatory utterances attributed to defendants Lee and Dovidio were published as statements of fact with the knowledge that the statements were false or with reckless disregard for their truth or falsity. Notwithstanding the lack of independent proof that the statements were actuated by feelings of spite, ill will or animosity toward plaintiff, a finding that the statements were published with knowledge that they were false or with reckless disregard as to their truth is sufficient to defeat the qualified privilege (*see, Shapiro v Health Ins. Plan,* 7 NY2d 56, 60-61; Restatement [Second] of Torts § 600; Prosser and Keeton, Torts § 115, at 834-835 [5th ed 1984]; *see generally, Stukuls v State of New York,* 42 NY2d 272). The court erred in setting aside the punitive damages award against Lincoln First Bank on the ground that neither Lee nor Dovidio was a "superior officer" of the bank. As a vice-president and manager of the real estate department and director of corporate security, Lee "had sufficient managerial authority upon which to impose liability" against the bank (*O'Donnell v K-Mart Corp.,* 100 AD2d 488, 492; *see also, Doralee Estates v Cities Serv. Oil Co.,* 569 F2d 716). Moreover, the bank did not include a "superior officer" charge in its request to charge and registered no objection to the charge given prior to the submission of the case to the jury; therefore the argument directed to Lee's status as a superior officer was not preserved for appellate review (*see, Up-Front Indus. v U.S. Indus.,* 63 NY2d 1004). We find the order to be otherwise proper. (Appeals from order and judgment of Supreme Court, Livingston County, John J. Conway, J. — slander.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.